WO                    NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly-Grace Schadawn Williams,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-15-08267-PCT-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Kimberly-Grace Schadawn Williams's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 18, "Pl.'s Br."), Defendant Social Security Administration Commissioner's Opposition (Doc. 19, "Def.'s Br."), and Plaintiff's Reply (Doc. 20, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 13, R.) and now affirms the Administrative Law Judge's ("ALJ") decision (R. at 8-26) as upheld by the Appeals Council (R. at 1-6).

**I.    BACKGROUND**

Plaintiff filed applications for Disability Insurance on March 6, 2012, for a period beginning June 15, 2009. (R. at 147-48.) Plaintiff's claims were denied initially on November 9, 2012 (R. at 82-85), and on reconsideration on May 7, 2013 (R. at 87-89). Plaintiff then testified at a hearing held before an ALJ on March 12, 2014. (R. at 27-49.)

On May 21, 2014, the ALJ denied Plaintiff's claims (R. at 8-26), and the Appeals Council upheld the ALJ's decision (R. at 1-6). The present appeal followed.

Having reviewed the entirety of the medical records in detail, it is unnecessary to provide an additional summary here. The relevant portions of medical evidence have been raised by the parties or will be discussed by the Court. In sum, the ALJ found that Plaintiff has severe impairments of atrial septal defect, a history of mild pulmonary hypertension, obesity, and depressive disorder not otherwise specified (R. at 13) after considering medical records and opinions primarily from examining psychologist Dr. Stephen Gill, nonexamining state agency reviewers Drs. Adrianne Gallucci and Elliot Salk, and consultative examiner Dr. Paul Bendheim.

## II.     ANALYSIS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ

determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

Plaintiff alleges two primary ALJ errors: (1) improper rejection of Plaintiff's symptom testimony without citing to clear and convincing reasons supported by substantial evidence, and (2) improper rejection of the assessments from examining and non-examining state agency doctors without specific and legitimate reasons that are supported by substantial evidence. (Pl.'s Br. at 1.)

**A.     The ALJ Properly Weighed Plaintiff's Testimony**

Plaintiff argues that the ALJ erred in her consideration of Plaintiff's symptom testimony, finding it less than fully credible. (Pl.'s Br. at 8-15.) Specifically, Plaintiff contends that the ALJ offered multiple insufficient reasons that, combined, are not a substitute for reliance on the substantial evidence required. (Pl.'s Br. at 10.) In response, Defendant does not rely on all the reasons the ALJ provided but argues that substantial

evidence exists for the credibility determination.[1] (Def.'s Br. at 4-8.) Defendant contends that Plaintiff's testimony was belied by much of the medical evidence, as well as Plaintiff's work history, treatment choices, and own inconsistent statements. (Def.'s Br. at 4-8.)

While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). When evaluating a claimant's pain testimony where the claimant has produced objective medical evidence of an underlying impairment, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (ALJ's finding that a claimant is not credible, "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain") (internal citations and quotation marks omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms but found the alleged intensity, persistence, and limiting effects of those symptoms not entirely credible. (R. at 16.) For all of these findings, the ALJ provided specific, clear, and convincing reasons for

---

[1] Defendant explicitly declines to rely on portions of the ALJ's stated reasoning, including Plaintiff's failure to submit a statement from a medical provider consistent with total disability (R. at 16), Plaintiff's continued smoking and obesity (R. at 17), and Plaintiff's failure to attend two consultative examinations—apparently on advice of counsel (R. at 17; Pl.'s Br. at 12). The Court will therefore not address these factors and determine the sufficiency of the ALJ's decision absent those citations.

rejecting Plaintiff's testimony, the most demanding of Social Security standards. *See Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014).

First, the ALJ found that Plaintiff's reported symptoms were exaggerated and incongruous with her medical records. (R. at 18.) For example, the ALJ cited to multiple reports showing normal heart readings in contravention of Plaintiff's claims regarding a severe heart condition. (R. at 18 (citing R. at 494, 547, 509).) Similarly, the ALJ cited to several assessments contradicting Plaintiff's claims of serious injury to her wrist and ankle. (R. at 17-18 (citing R. at 432, 505, 510).) Finally, the ALJ noted that Plaintiff's psychological claims were belied by numerous treatment records that show a lack of continued treatment and consistent and affirmative positive indicators regarding Plaintiff's mental state, despite an apparent lack of management and medication. (R. at 18 (citing R. at 34, 290-91, 294, 300-301, 311, 317, 321-22, 327, 334, 383, 386, 397, 407, 410, 491, 498, 514, 518, 541, 557, 568, 576).)

Second, the ALJ discounted Plaintiff's testimony as it was internally contradicted by Plaintiff's own statements. (Def.'s Br. at 4-7.) The ALJ noted that while Plaintiff stated that she almost never drove or did not drive at all, and testified at the hearing that she could not drive, she drove to an appointment with evaluating physician Dr. Gill. (*Compare* R. at 33-34, 182, 435 *with* R. at 452.) While Plaintiff objects that this inconsistency reflects her varied symptoms over time, it does not extinguish the internal inconsistency. Plaintiff also makes a semantical argument that is wholly belied by Plaintiff's actual quote. (*See* Pl.'s Br. at 12-13; R. at 452.) The ALJ also noted Plaintiff's own reports contradicted her complaints of a severe heart condition. (*See* R. at 494.) These inconsistencies in Plaintiff's statements provide proper reasoning to discount Plaintiff's testimony, and the ALJ provided ample evidence for her findings. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997), *as amended on reh'g* (Sept. 17, 1997).

Third, the ALJ pointed out that Plaintiff worked only sporadically prior to the disability onset date. (R. at 18.) Plaintiff explicitly declines to address this factor and is

correct that it does not disqualify Plaintiff from seeking disability benefits. However, it is relevant to the ALJ's assessment of Plaintiff's symptom testimony. *See Thomas*, 278 F.3d at 959; *Marsh v. Colvin*, 792 F.3d 1170, 1174 (9th Cir. 2015).

Finally, the ALJ noted that certain alleged conditions had gone unexplainably untreated—a fact relevant to credibility findings—and that the ALJ, as well as other physicians, felt that Plaintiff was exaggerating her symptoms. (R. at 18.) While the ALJ's opinion on Plaintiff's exaggeration alone cannot provide the sole evidence for discounting Plaintiff's reports, the ALJ's opinion was seconded by Drs. Gill and Bendheim and corroborated by the records. (*See* R. at 18, 432, 452, 494, 505, 508-10, 547.) Plaintiff's report of symptoms that are not reflected in the record, and both the ALJ and consultative evaluators' belief that Plaintiff exaggerated her conditions are proper grounds for discounting symptom testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

For all these reasons, the Court finds the ALJ properly weighed Plaintiff's testimony as to her subjective impairments and the limitations therefrom, and identified what testimony was not credited and what evidence undermined those complaints. *See* 20 C.F.R. § 404.1529(c)(3); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008); *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

### B. The ALJ Properly Interpreted the Examining and Non-Examining Physicians' Mental Health Assessments

Plaintiff also argues that the ALJ erred in her interpretation of the opinions of examining psychologist Dr. Gill and nonexaming psychologists Drs. Gallucci and Salk. (Pl.'s Br. at 16-21.) In response, Defendant contends that the ALJ properly interpreted Dr. Gill's assessment and discounted it due to contradiction with the medical record and Dr. Gill's reliance on Plaintiff's subjective complaints. (Def.'s Br. at 9-11.) Defendant also argues that the ALJ properly assessed evaluations of Drs. Gallucci and Salk as a

whole, including their narrative descriptions of Plaintiff's RFC limitations, which were ultimately consistent with the RFC. (Def.'s Br. at 13-16.)

An ALJ may only reject an "uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Lester*, 81 F.3d at 830-31). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.*

### 1. Dr. Gill

Plaintiff argues that, in giving minimal weight to Dr. Gill's consultative psychological examination reports, the ALJ erred in failing to provide specific and legitimate reasons. (Pl.'s Br. at 16-19.) Defendant responds that the ALJ properly discounted Dr. Gill's evaluation because it was inconsistent with the remainder of the medical record and was based on subjective complaints for which there is no objective evidence. (Def.'s Br. at 9-11.) The Court agrees.

The ALJ discounted Dr. Gill's opinion that Plaintiff was "emotionally liable" because that assessment was not documented by Plaintiff's treating provider. (R. at 18.) Plaintiff argues that this is an erroneous assessment, as Dr. Gill was only treating Plaintiff for physical ailments, rather than mental. (Pl.'s Br. at 16-17 (citing R. at 456).) Defendant responds that Plaintiff's treating providers affirmatively observed and recorded her mental state, which was largely normal. (Def.'s Br. at 10 (citing R. at 290-91, 294, 300-301, 311, 317, 321-22, 327, 334, 383, 386, 407, 410, 491, 498, 514, 518, 541, 557, 568, 576).) The positive observations of Plaintiff's treating physician can be considered in weighing the medical evidence, even if those observations deal with an area outside of the physician's specialty. *See, e.g.*, *Lester*, 81 F.3d at 833 (noting that treating physician's opinion regarding mental state is not discounted on the grounds he is not a psychiatrist). Accordingly, the ALJ's consideration of such assessments was proper.

Plaintiff also argues that the ALJ erred in discounting Dr. Gill's "credulous" acceptance of Plaintiff's complaints that were not documented in the medical record.

- 7 -

(Pl.'s Br. at 17 (citing R. at 18).) These complaints included Plaintiff's claims of an "enlarged heart," "serious injury at work," and other "complex medical problems." (R. at 18.) Plaintiff contends, again, that Dr. Gill was evaluating her mental impairments and any evaluation of such physical impairments is irrelevant. (Pl.'s Br. at 17.) However, as already discussed, these observations for which Dr. Gill made affirmative notation were properly discounted by the ALJ as they were inconsistent with the medical records. Further, Dr. Gill's records made specific notation of Plaintiff's physical conditions. (R. at 456 (noting that depressive disorder was "secondary to [Plaintiff's] multiple medical conditions").) As such, the ALJ gave specific and legitimate reasons for finding Plaintiff's alleged symptoms less than fully credible, supported by substantial evidence.

### 2. Drs. Salk and Gallucci

Plaintiff argues that discounting Dr. Salk's opinion was errantly speculative and that the ALJ improperly failed to discuss Dr. Gallucci's opinion whatsoever. (Pl.'s Br. at 19-21.) Defendant responds that Dr. Salk's opinion was properly discounted for its reliance on Dr. Gill's discounted opinion, and that any error—both in discounting Dr. Salk's and in failing to discuss Dr. Gallucci's—was harmless. (Def.'s Br. at 11-12.)

The ALJ gave "some weight" to the assessment of Dr. Salk and failed to discuss that of Dr. Gallucci. (R. at 18.) Plaintiff first argues that the ALJ could not properly discount Dr. Salk's findings, which were based on Dr. Gill's assessment, which itself was based on Plaintiff's subjective complaints and discounted due to the reasons above. Further, Plaintiff argues that because Dr. Gill found Plaintiff a reliable source of information, the ALJ may not discount an opinion that relies on Dr. Gill's. (Pl.'s Br. at 20 (citing R. at 435-36, 455-56).) The Court, however, has upheld the weight given to both Plaintiff's report of her impairments and Dr. Gill's opinion and thus will not reject the weight granted to Dr. Salk's opinion based on that very reasoning.

Plaintiff also argues, correctly, that the ALJ erred in her omission of Dr. Gallucci's opinion. (Pl.'s Br. at 16.) However, there is no ultimate error in her failure to do so. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (ALJ decisions will not be reversed

for errors that are harmless). Dr. Gallucci's opinion, as well as Dr. Salk's, are consistent with the RFC, limiting Plaintiff to simple, routine, repetitive tasks and occasional interaction with co-workers, supervisors, and members of the public. (R. at 15-16.) Dr. Gallucci assessed moderate limitations in a number of functional categories in narrative form. (R. at 52-59.) Dr. Salk's opinion, which was given some weight, reiterated those assessments. (R. at 72.) ALJs are instructed to consider the narrative portion of opinions, *Coffman v. Colvin*, No. C12-5812JLR, 2013 WL 3554422, at *2 (W.D. Wash. July 10, 2013), and the RFC capacity assessments of Drs. Gallucci and Salk are consistent with the RFC. As such, any error in considering or failing to consider those opinions is harmless. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination.") (internal quotations marks omitted).

Plaintiff raises no material error on the part of the ALJ, and the SSA's decision denying Plaintiff's Application for Disability Insurance Benefits under the Act was supported by substantial evidence in the record, for which the ALJ provided ample citation and explanation.

**IT IS THEREFORE ORDERED** affirming the May 21, 2014 decision of the Administrative Law Judge, (R. at 8-26), as upheld by the Appeals Council (R. at 1-6).

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 31st day of March, 2017.

Honorable John J. Tuchi
United States District Judge